**SANDERS LAW GROUP**
Craig B. Sanders (Cal Bar 294387)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 122893

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Guthridge,<br><br>                    Plaintiff,<br><br>     v.<br><br>Marina Media, LLC.,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Guthridge ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Marina Media, LLC. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as www.thewealthadvisor.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff

actively copied, stored, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Robert Guthridge is an individual who maintains a principal place of business 319 Legacy Court, Grayslake, Illinois.

6. On information and belief, Defendant Marina Media, LLC., is a Nevada limited liability company with a principal place of business at 1299 Ocean Avenue, Santa Monica in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Marina Media, LLC. because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Marina Media, LLC. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photography portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

14. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

15. In 2005, Plaintiff Robert Guthridge authored a photograph of B.B. King titled "Straight from the Heart" (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

16. The Photograph was registered by USCO on February 14, 2005 under Registration No. VA 1-308-586.

17. On or about July 12, 2019 Plaintiff observed the Photograph on the Website in a story dated May 17, 2015. A copy of screengrab of Website including the Photograph is attached hereto as Exhibit 2.

18. Prior to discovering Defendant's infringing activity, there were no "storm warnings" which put Plaintiff on inquiry notice that Defendant had expropriated the Photograph without Plaintiff's authorization

19. No reasonably diligent copyright holder in Plaintiff's position would have discovered Defendant's infringing conduct prior to retaining counsel.

20. The Photograph was displayed at URL: https://www.thewealthadvisor.com/article/bb-kings-house-blues-goes-dark-when-national-treasures-die.

21. The Photograph was stored at URL: https://wadv-prod-1f0120db-46d2-4038-90ab-ac2558260610.storage.googleapis.com/s3fs-public/styles/article_hero_image_mobile/public/migrated_files/uploads/2015/05/bbking-1.png?itok=FDl8btv_.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Website.

23. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

25. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

26. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

27. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Scott Martin who is identified on the Defendant's website as a "Contributor", "Executive Editor", and "[s]ender of Record on the 11 million emails [Defendant] deploys each month". ("Employees").

28. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

29. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

30. On information and belief, the Photograph was willfully and

volitionally posted to the Website by Defendant.

31. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

32. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

33. On information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues.

34. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

35. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

36. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

37. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

38. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

39. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

40. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

41. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and

illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

42. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

43. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 29, 2021         **SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 294387)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
*Attorneys for Plaintiff*
File No.: 122893